```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION


JAMES McCONICO, JR.,            :

    Plaintiff,                  :

vs.                             :   CIVIL ACTION 06-00023-KD-B

UNITED STATES CONGRESS, et al., :

    Defendants.                 :
```

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 (Doc. 4) and requested leave to proceed *in forma pauperis* (Doc. 5) pursuant the provisions of 28 U.S.C. § 1915.  This action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4) for appropriate action.  Based upon a careful review, it is the undersigned's recommendation that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 5) be denied and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

>that was dismissed on the grounds that it is
>frivolous, malicious, or fails to state a
>claim upon which relief may be granted,
>unless the prisoner is under imminent danger
>of serious physical injury.

Plaintiff is a frequenter litigator in this Court, having filed actions on his own behalf, and prepared actions for other inmates.[1] He has also been previously identified by the Court as an inmate with "three strikes" for § 1915(g) purposes. Specifically, Plaintiff was denied leave to proceed *in forma pauperis* by this Court due to § 1915(g) in McConico v. Booker, et al., CA 96-0538-AH-C,[2] and McConico v. Scott, et al., CA 98-0520-BH-M.[3] Plaintiff's subsequent appeals in these actions were dismissed by the Eleventh Circuit Court of Appeals as frivolous. McConico v. Booker, et al., CA 96-0538-AH-C (S.D. Ala. Nov. 6, 1997), on appeal, No. 97-6941 (11th Cir. May 14, 1998); McConico v. Scott, et al., CA 98-0520-BH-M (S.D. Ala. May 19, 1999), on appeal, No. 99-12815 (11th Cir. Sept. 5, 2001).

---

[1] In 2000, at least seven actions were filed by other inmates complaining that Plaintiff's placement in Holman's segregation caused them to be denied access to courts because Plaintiff could not assist them with their Rule 32 petitions that had an immediate deadline. These actions were either similar or identical to each other, and they were dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim.

[2] Plaintiff paid the $150.00 filing fee for this action. Nevertheless, the district court dismissed Plaintiff's action for lack of subject matter jurisdiction.

[3] Plaintiff paid the $150.00 filing fee in this action. After a response from defendants, this action was dismissed for lack of subject matter jurisdiction.

2

In addition to these two frivolous appeals, an examination of the records of this Court and the United States District Court for the Middle District of Alabama reflects that Plaintiff filed two other actions while he was a prisoner that were dismissed as frivolous, namely, <u>McConico v. Riley, et al.</u>, CA 96-0118-BH-M (S.D. Ala. July 16, 1996), and <u>McConico v. Mann, et al.</u>, CA 96-A-0353-N (M.D. Ala. Mar. 27, 1996). Therefore, the Court determines that at least three of Plaintiff's prior actions or appeals have been dismissed as frivolous.[4]

Because Plaintiff comes within the purview of § 1915(g), he must establish in the Complaint that he is "under imminent danger

---

[4] Additionally, the Court is aware that Plaintiff has many other actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. In Plaintiff's habeas action filed in this Court, Civil Action No. 96-0014-RV-M, the respondent in his answer to amendment and renewed motion to dismiss attached an order from the United States District Court for the Northern District of Alabama which indicated that seven of Plaintiff's actions were dismissed as frivolous, malicious, failure to state a claim upon which relief may be granted, or an abuse of process on August 21, 1996 (Doc. 38). The Northern District court observed, in an accompanying memorandum opinion, that Plaintiff had filed at least thirty actions since 1990, and it listed nine actions that were filed since 1994 that were concluded against Plaintiff, with most of them being found to be frivolous.

In addition to these actions that were dismissed for being legally insufficient, Plaintiff was also barred from proceeding *in forma pauperis* in <u>McConico v. CMS</u>, CA 00-0399-RV-L, pursuant 28 U.S.C. § 1915(g). Plaintiff initially filed the § 1983 action in Missouri, the alleged location of CMS's corporate headquarters. Subsequently, the action was transferred to this Court where Plaintiff's *in forma pauperis* status was revoked. Thereupon, Plaintiff filed a motion to voluntarily his dismiss his action.

serious physical injury" in order to avoid this section's application.  However, in the Complaint, Plaintiff asserts that through the efforts of Defendants, former President Bill Clinton, former United States Attorney General Janet Reno, and the United States Congress, the Anti-Terrorism Effective Death Penalty Act of 1996 (hereinafter "AEDPA") became law and that AEDPA unduly restricts successive habeas petitions and, in his situation, 28 U.S.C. § 2244(b) amounts to a suspension the writ of habeas corpus.  Specifically, Plaintiff alleges that he was not allowed to file a successive habeas petition even though the State lacks jurisdiction to imprison him.  Plaintiff seeks to have § 2244(b) or the entire AEDPA amendment declared unconstitutional.

Despite Plaintiff being aware, through this Court's prior rulings that he is considered a "three-striker," he has not come forth with any allegation of "an imminent danger of serious physical injury" at the time he filed his Complaint.  Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002) ("[I]mminent danger exception only applies to danger existing at the time the complaint is filed" and does not encompass those harms that have already occurred.); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir.) (allegations of imminent danger of serious physical injury faced by a prisoner in the past are insufficient to allow the prisoner to proceed *in forma pauperis*), *cert. denied,* 533 U.S. 953, 121 S.Ct. 2600, 150 L.Ed.2d 757 (2001); Medberry v.

Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (same); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (same); Banos v. O'Brien, 144 F.3d 883, 884-85 (5th Cir. 1998) (same).

Because Plaintiff did not pay the $250.00 filing fee at the time he filed this action and has not met § 1915(g)'s exception that he is "under imminent danger of serious physical injury," Plaintiff's action is due to be dismissed without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he initiates the action); *accord* Simmons v. Zloch, 148 F.3d 921, 922 (11th Cir. 2005).  Accordingly, it is recommended that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 5) be denied, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this **15th** day of **February 2006.**

/S/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.      **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

      DONE this **15th** day of **February 2006.**

                                  **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**